I concur in that part of the majority's opinion affirming the summary judgment in favor of the coemployee defendants. I dissent, however, from that part of the opinion reversing the summary judgment in favor of the defendant Alabama Trailer Company, Inc.
The majority concludes that the plaintiff Ms. Nickolson presented substantial evidence "as to whether the plans and specifications Alabama Trailer relied upon were so obviously defective that a reasonable builder would be put on notice that the product would be dangerous and would likely cause injury." 791 So.2d at 930. See also McFadden v. Ten-TCorp., 529 So.2d 192, 200 (Ala. 1988) (holding that a contractor "`is justified in relying upon the adequacy of the specifications unless they are so obviously dangerous that no competent contractor would follow them'") (emphasis added). I disagree with the majority's conclusion.
In Casrell v. Altec Industries, Inc., 335 So.2d 128, 133 (Ala. 1976), this Court held that "a `defect' is that which renders a product `unreasonably dangerous,' i.e., not fit for its intended purpose." This Court explained that "[t]he important factor is whether [the product] is safe or dangerous when [it] is used as it was intended to be used."Casrell, 335 So.2d at 133 (citation omitted). In this present case, the majority recognizes that the trailer, as designed *Page 932 
with bolster dogs, was safe if used to transport one tier of utility poles. The trailer became "defective" only when more than one tier of utility poles was stacked on it. Ms. Nickolson presented no evidence indicating that Alabama Trailer knew that Alabama Power Company intended to use the trailer to transport more than one tier of utility poles. Because no evidence indicated that Alabama Trailer knew the particular purpose for which Alabama Power Company intended to use the trailer, the defect in the plans and specifications for the trailer would not have been obvious to Alabama Trailer. Thus, Ms. Nickolson did not meet her burden of presenting substantial evidence to rebut Alabama Trailer's prima facie showing that there was no genuine issue as to any material fact. See Warehouse Home Furnishing Distribs., Inc. v. Whitson,709 So.2d 1144 (Ala. 1998).
Because I conclude that Ms. Nickolson did not present substantial evidence of an obviously dangerous design defect, I would affirm the summary judgment in favor of Alabama Trailer.